STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1135

ROBERT TURNER, SR.

VERSUS

RELIANCE INSURANCE CO., ET AL.

************

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2000-679
HONORABLE JOHN P. NAVARRE, JUDGE AD HOC

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Marc T. Amy, Billy H. Ezell, and James T. Genovese, Judges.

AFFIRMED.

Keith M. Borne
Borne & Wilkes, L.L.P.
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana 70502-4305
(337) 232-1604
COUNSEL FOR DEFENDANT/APPELLANT:
    Safeway Insurance Company of Louisiana

J. Craig Jones
Craig R. Hill
Jones & Hill, LLC
131 Highway 165 South
Oakdale, Louisiana 71463
(318) 335-1333
COUNSEL FOR PLAINTIFF/APPELLEE:
    Robert Turner, Sr.

**GENOVESE, Judge.**

In this personal injury case arising out of a car-truck collision, Defendant, Safeway Insurance Company of Louisiana (Safeway), appeals the judgment of the trial court in favor of the Plaintiff, Robert Turner, Sr., alleging error with the trial court's fault allocation. After thorough consideration of the record, applicable law, and the requisite manifest error standard of review, we affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL HISTORY

On February 3, 2000, Mr. Turner was involved in an automobile accident at the intersection of Louisiana Highway 10 and Hospital Drive in Oakdale, Allen Parish, Louisiana. Mr. Turner alleges that he was driving east on Louisiana Highway 10 with the intention of turning left onto Hospital Drive; however, while he was stopped at the aforementioned intersection, an eighteen-wheeler being driven west on Louisiana Highway 10 by Defendant, Michael Stokes, collided with Mr. Turner's vehicle.

Mr. Turner filed suit on December 5, 2000, against Mr. Stokes, the owner of the eighteen-wheeler, Keith Chenevert Logging, Inc., and its liability insurer, Reliance Insurance Company. Mr. Turner amended his suit on September 8, 2005, to include Safeway in this matter as his uninsured or underinsured motorist (UM) liability coverage provider.[1]

A bench trial was held on April 20, 2007, after which the trial court gave the parties time to submit post-trial memoranda. After the parties extensively briefed the issues, the trial court took the matter under advisement. On October 31, 2007, the

---

[1]Reliance was placed into receivership, and, therefore, the Louisiana Insurance Guaranty Association (LIGA) became a Defendant herein pursuant to the Insurance Guaranty Association Law. *See* La.R.S. 22:1375, *et seq.* Louisiana Revised Statutes 22:1386(A) required Mr. Turner to first "exhaust his rights" under his UM policy issued by Safeway.

trial court issued its opinion wherein it credited the testimony of "the only independent witness," Sally Moreaux, for its finding that "the sole cause of [the] accident was the excessive speed of the log truck driven by Michael J. Stokes and crossing into the road lane of Robert Turner." Judgment in favor of Mr. Turner awarding him Safeway's policy limits in the amount of $10,000.00 was signed on August 14, 2008. Safeway appeals.

## ASSIGNMENT OF ERROR

In its sole assignment of error, Safeway argues that "[t]he trial court committed manifest error in concluding that the accident made the basis of this matter was caused through the negligence of Michael Stokes and, therefore, in rendering Judgment [against] Safeway Insurance Company of Louisiana as Appellee's uninsured motorist carrier."

## LAW AND DISCUSSION

As set forth by this court in *Johnson v. Safeway Insurance Co.*, 06-224, p. 2 (La.App. 3 Cir. 5/31/06), 931 So.2d 1221, 1223:

> An assessment of fault is a factual determination. Thus, an appellate court reviewing a fact finder's allocation of fault owes the same deference to that finding as it does to any other factual determination and such determination should not be disturbed on appeal unless it is clearly wrong or manifestly erroneous. *Clement v. Frey*, 95-1119 (La. 1/16/96), 666 So.2d 607.

Safeway contends that the trial court was manifestly erroneous in its assessment of fault solely against Mr. Stokes. Safeway asserts that the inconsistencies in the testimony of both Mr. Turner and Mrs. Moreaux support its contention that the trial court erred in finding that Mr. Stokes, and not Mr. Turner, was solely responsible for causing the accident at issue herein. Safeway also contends that the trial court misinterpreted the physical evidence. Therefore, Safeway

2

argues that the trial court was clearly wrong in concluding that Mr. Stokes was the sole cause of the accident.

At trial, Safeway introduced into evidence the deposition of Mr. Stokes taken on March 21, 2007. According to Mr. Stokes, on the morning of February 3, 2000, he was driving west on Louisiana Highway 10 and:

> As I was going through the slow-down process of coming into town there, I seen Mr. Turner. You know, he was - - he done everything right. You know, he was fully stopped. He had his turn signal on, and he was sitting there, and he was waiting, but it seemed like within 50 feet of me approaching him, that's when he just all of a sudden he just wanted to start turning to the left to go towards the hospital. And then there just wasn't - - there was no place for me to go.

Safeway also entered into evidence the deposition of Sergeant Edward Buford Johnson of the Oakdale City Police Department. Attached to Sgt. Johnson's deposition is a Uniform Motor Vehicle Crash Report which Sgt. Johnson prepared while investigating the accident at issue herein. Safeway argues that Sgt. Johnson's investigation and the Uniform Motor Vehicle Crash Report prepared therefrom also supports its contention that the trial court was manifestly erroneous.

According to Sgt. Johnson, he visited Mr. Turner in the hospital the day following the accident in order to take Mr. Turner's statement. The Uniform Motor Vehicle Crash Report contains Driver/Witness Voluntary Statements from both Mr. Stokes and Mr. Turner. The statement of Mr. Turner was taken at the hospital the day following the accident and states:

> I[,] Robert Turner[,] was in a [sic] accident on 2-3-2000 at around 7:00 a.m. on La. Hwy[.] 10 E. I was attempting a left turn onto Hospital Dr. I thought I saw the truck and had time to make it. At this time[,] the truck hit me.

This statement was written by PFC E. Johnson[2] because of injuries.

---

[2]PFC E. Johnson and Sergeant Edward Buford Johnson are the same individual.

Finally, the Uniform Motor Vehicle Crash Report and Sgt. Johnson's testimony both indicated that the major damage to Mr. Turner's vehicle was on the front left of his vehicle.

Mr. Turner testified that, on the morning of February 3, 2000, he was driving east on Louisiana Highway 10, and that "[he] slowed down. It was kind of foggy. And when [he] slowed down the only thing [he] knew something hit [him]." Mr. Turner also declared that he did not turn his vehicle into the path of the oncoming truck being driven by Mr. Stokes. When questioned whether he remembered a police officer going to the hospital to question him about the accident, Mr. Turner stated that, though he was badly injured, he did remember telling a police officer how the accident occurred. Mr. Turner also expressed to the trial court that the report written by the police officer did not contain an accurate description of how the accident occurred.

Mrs. Moreaux's testimony at trial corroborated Mr. Turner's version of how the accident occurred. Mrs. Moreaux testified that, immediately prior to the accident at issue herein, she was driving east on Louisiana Highway 10 directly behind Mr. Turner when she witnessed him stop and signal his intent to turn left onto Hospital Drive. Mrs. Moreaux recalled being stopped behind Mr. Turner's "dead still" vehicle when "[t]he big truck struck Mr. Turner's vehicle." According to Mrs. Moreaux, Mr. Turner did not turn in front of the approaching truck being driven by Mr. Stokes.

In brief, Safeway contends that "this [c]ourt should find manifest error, even though the trial court's ruling was based upon a credibility determination." The standard of review for courts of appeal for reviewing both factual findings and questions of credibility is well-established.

4

It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. . . . Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong.

*Robin v. Allstate Ins. Co.*, 03-1009, 03-926, p. 4 (La.App. 3 Cir. 3/24/04), 870 So.2d 402, 406, *writ denied*, 04-1383 (La. 9/24/04), 882 So.2d 1143 (quoting *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989) (citations omitted)).

In this case, it is undisputed that the damage to Mr. Turner's vehicle was on the front left of his vehicle and not in the middle or right front of his vehicle, which is totally inconsistent with Mr. Stokes' testimony that Mr. Turner turned left in front of him. This court recognizes the numerous inconsistencies in the depositions and testimony of the witnesses in this case, and this court may very well have a different view of the evidence presented; however, this court is not legally permitted to substitute its own judgment for that of the trial court. It is clear that the trial court made a demeanor and credibility determination based upon the conflicting testimony. Recognizing that the trier of fact is in the best position to assess the demeanor and judge the credibility of witnesses when there is conflicting testimony, we cannot say that the trial court was manifestly erroneous or clearly wrong in determining that Mr. Stokes was solely at fault in this accident.

## DECREE

For the above reasons, the judgment of the trial court is affirmed. Costs are assessed to the Defendant/Appellant, Safeway Insurance Company of Louisiana.

**AFFIRMED.**

5